UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

David Oliver Stotesbery,

    Plaintiff,

 -vs-

Dousman Transport Company., Inc.

    Defendant.

Case No.: 25-cv-759-jdp
Nature of suit: 790 Labor: Other

DEFENDANT'S MOTION TO DISMISS CLAIM
UNDER FED. R. CIV. P. 12((b)(1) and 12(b)(6)

In his Complaint for De Novo Review under the Surface Transportation Assistance Act (STAA), 49 U.S.C. § 31105, the Plaintiff requests de novo review of the Department of Labor's dismissal of his STAA whistleblower complaint. The Plaintiff claims he is entitled to bring an original action against the Defendant under subsection (c) which allows for an original action at law if the Secretary of Labor has not issued a final decision within 210 days after the complaint was first filed. The Plaintiff is not entitled to a de novo review of his complaint in this Court because the Secretary of Labor did, in fact, investigate and dismiss the complaint on November 23, 2023. The Plaintiff failed to show he suffered an adverse action as required to prove an STAA violation.

De novo review and original jurisdiction in federal district court is available to an STAA whistleblower who has received no decision from the Department of Labor within 210 days of the date the complaint was filed. It is a timing requirement intended to ensure that whistleblowers receive a timely hearing because their claims, presumably, alert the Department to unsafe, and

1

potentially life-threatening, commercial transport activities. De novo review is not available to claimants whose original complaint was fully investigated and dismissed because the claimant failed to state an actionable claim and who have not exhausted their administrative remedies.

The next step for those claimants is to proceed through the administrative review process described in 29 C.F.R. §§ 1978.100 et seq. with recourse to judicial review, if available, only of the final administrative order and made only to the proper federal circuit court of appeals. There is no recourse for the Plaintiff to obtain a de novo review of his complaint in federal district court simply by withdrawing his complaint from the administrative process before any meaningful review and filing it in federal district court for a full adjudication including a jury trial.

The Court should deny the Plaintiff's request for a summons and dismiss his complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

I.   Background

The Plaintiff originally filed a timely complaint under section 31105 with the Occupational Safety and Health Administration (OSHA) on September 28, 2023, alleging that the Defendant, who was his employer, asked him to drive an unsafe school bus and that the Plaintiff, in response, had no choice but to abandon his position as a school bus driver. *See*, Def. App. p. @.

On November 21, 2023, the U.S. Department of Labor dismissed the complaint because the facts, as alleged by the Plaintiff, did not demonstrate that he suffered an adverse action. *Id*. The Department of Labor's decision states, in relevant part:

> Complainant's own testimony supports after upper management learned of the refusal and treatment of Complainant they corrected the actions taken against Complainant. Maintenance repairs began immediately. Complainant's immediate supervisor was required to email Complainant informing him of such and indicating he was to return to work the following day. After receiving the email, Complainant elected to resign his employment through an email in reply.

> Evidence does not support that Complainant suffered an adverse action. Therefore, OSHA does not have reasonable cause to believe that a violation of the Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105 occurred. Consequently, this complaint is dismissed.

U.S. Department of Labor Investigation Report, Nov. 21, 2023, p. 2. Def. App. p. 6.

The Plaintiff filed a timely objection to the Secretary's findings with the Office of Administrative Law Judges (OALJ) and requested a hearing. The case was docketed on December 8, 2023, for administrative review of the dismissal pursuant to 29 C.F.R. § 1978.106(a). The parties engaged in full discovery including a deposition of the Plaintiff. On September 10, 2025, before an administrative hearing was scheduled, the Plaintiff filed this action claiming that he is entitled to a de novo judicial review and a jury trial on the issue of the Secretary's dismissal of his whistleblower complaint under 49 U.S.C. § 31105(c).[1]

Upon the Plaintiff's presentation of his file-stamped federal district court complaint, the Administrative Law Judge dismissed the Plaintiff's complaint without prejudice under 29 C.F.R. § 1978.114. Def. App. p. 12.

No summons has been issued in this matter. Without waiving any rights to proper service of process, the Court has invited the Defendant to make a motion to dismiss the Plaintiff's complaint. Dkt #6.

---

[1] 49 U.S.C. § 31105(c) says:
[I]f the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

3

II. Standard of Review

Federal Rule 12(b)(1) and (6) provide that dismissal is proper when the plaintiff fails to establish subject matter jurisdiction or fails to state a claim on which relief may be granted. Fed.R.Civ.P. 12(b)(1) and (6).

III. Procedural Requirements

The Plaintiff is entitled to a full administrative review of the Secretary's decision in his complaint with judicial recourse to review by the Seventh Circuit Court of Appeals under the Administrative Procedure Act. He has failed to exhaust these administrative remedies.

Under the STAA -

Section 31105(b) allows a person who believes he has been disciplined or discharged in violation of the protections of the statute over commercial transport safety to file a retaliation complaint. 49 U.S.C. § 31105(b).

Section 31105(b)(2)(A) calls for the Secretary of Labor to conduct an investigation into the complaint and to issue findings and a preliminary order. 49 U.S.C. § 31105(b)(2)(A).

Either party can file an objection to the Secretary's findings and request a hearing on the record. 49 U.S.C. § 31105(2)(B). The Secretary's preliminary order becomes final and not subject to judicial review if no objection is filed. Id.

An "expeditious" hearing is required with a final order from the Secretary no later than 120 days after the hearing has concluded. 49 U.S.C. § 31105(2)(C).

A person adversely affected by an order issued after a hearing may file a petition for review with the appropriate federal circuit court of appeals. 49 U.S.C. § 31105(d).

If the Secretary did not issue a final decision within 210 days of the date the employee's original complaint was filed, the employee can bring an original action in federal district court for de novo review and a jury trial. 49 U.S.C. § 31105(c).

III.   Legal Argument

Under the STAA, the Plaintiff is entitled to a full administrative review of the Secretary's dismissal of his retaliation complaint under 49 U.S.C. § 31105 and related regulations including an evidentiary hearing on the question of whether substantial evidence supports dismissal of the complaint.

In this case, the investigation found that the Plaintiff did not provide any evidence that he suffered an adverse action. The decision advises that the only recourse for any party was to file an objection with the OALJ within 30 days. The decision becomes final with no judicial recourse after 30 days.

The Plaintiff timely filed an objection to the dismissal with the OALJ and the case was docketed. Def. App. p, 9. The parties engaged in full discovery including a deposition of the Plaintiff. Before the hearing was scheduled; however, the Plaintiff withdrew his action from the Department of Labor's review and filed this complaint. Federal law does not provide such recourse to this or any STAA claimant.

The Seventh Circuit Court of Appeals examined the administrative process in a similar case brought under the Federal Railroad Safety Act. *Brousil v. United States Dep't of Lab., Admin. Rev. Bd.,* 43 F.4th 808, 811 (7th Cir. 2022). In *Brousil*, the court examined the Department of Labor's decision using the review standards of the Administrative Procedure Act, 5 U.S.C. § 706. The court had a full administrative record before it and reviewed the findings and conclusions under the "deferential substantial evidence" standard to decide that the employer had a valid reason

5

for disciplining the employee in that matter.  See also, Ronnie v. Office Depot, LLC, 81 F. 4th 1345 (11th Cir. 2023)(federal circuit court review of ARB findings and decision in SOX retaliation complaint).

The job of developing an evidentiary record on review of the Secretary's decision to dismiss a retaliation complaint belongs by statute to the relevant administrative agency.  This is consistent with the procedure in any federal or state administrative complaint process.  Claimants who become impatient with the administrative process half way through are not entitled to abandon the administrative process and elect a de novo federal district court review and jury trial.  Only an STAA retaliation claimant who has not received any administrative process or review within 210 days of requesting it can move the action to federal district court as an original action.  Here, the dismissal is the issue and the parties had completed all pre-hearing preparations, waiting only on a hearing date from the administrative law judge.

Certainly, the first step the Defendant will take in this matter, if a summons is issued, is to move to dismiss the complaint for failure to state a claim upon which relief may be granted.  The Plaintiff is pursuing a review of the Deparment's dismissal of his complaint.  Clearly, as the investigator concluded, substantial evidence did not support the Plaintiff's claim that he could establish even the basic facts required to state an STAA violation by the Defendant.

Diverting this complaint from the administrative review process to begin a full de novo judicial proceeding and jury trial makes for an unholy mash-up of legal remedies that is not intended in the statute and is not the process used by the *Brousil* court.

6

CONCLUSION

For these reasons, the Defendant respectfully requests that the Court deny the Plaintiff's request for a summons and dismiss the Plaintiff's complaint with prejudice.

Dated at Madison, Wisconsin, this 4th day of March, 2026.

                                                        Respectfully submitted,

                                                        LEWIS LAW OFFICE, LLC

                                                        Attorney for the Respondent

                                                        *Julie Lewis*
                                                        _____
                                                        Julie A. Lewis
                                                        State Bar No. 1048367

P.O. Address
345 W. Washington Ave., Suite 201
Madison, WI 53703

Direct Contact
Julie A. Lewis
(608) 298-7324/office
jlewis@jlewislawoffice.com