UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

David Oliver Stotesbery,

    Plaintiff,

 -vs-

Dousman Transport Company., Inc.

    Defendant.

Case No.: 25-cv-759-jdp
Nature of suit: 790 Labor: Other

---

DEFENDANT'S MOTION TO DISMISS CLAIM
UNDER FED. R. CIV. PROC. 12((b)(1) and 12(b)(6)

---

APPENDIX

| | |
|---|---|
| Exhibit 1 | U.S. Department of Labor Letter and related documents dated November 21, 2023 |
| Exhibit 2 | U.S. Department of Labor Notice of Docketing dated December 13, 2023 |
| Exhibit 3 | U.S. Department of Labor Order of Dismissal dated September 22, 2025 |

**U.S. Department of Labor**  Occupational Safety and Health Administration
Chicago Regional Office
John C. Kluczynski Federal Building
230 S Dearborn Street, Suite 3244
Chicago, Illinois 60604-1694



November 21, 2023

Via electronic media: oalj-f-whistleblower@dol.gov

Chief Administrative Law Judge
USDOL - Office of Administrative Law Judges
U. S. Department of Labor
800 K Street NW, Suite 400 North
Washington, D.C. 20001-8002

Re: Dousman Transport/Stotesbery/301024164

Dear Sir or Madam:

The above referenced matter is a complaint of retaliation under Section 405 of the Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105, as amended by the Implementing Recommendations of the 9/11 Commission Act of 2007, Public Law No. 110-53. A copy of our findings, the original complaint and the first page of the Report of Investigation for the subject whistleblower case is enclosed for your information.

Sincerely,

*Shawn Harrigan*

Shawn Harrigan
Regional Supervisory Investigator


Enclosures:   Complaint
              First Page ROI
              Secretary's Findings

**U.S. Department of Labor**  Occupational Safety and Health Administration
Chicago Regional Office
John C. Kluczynski Federal Building
230 S Dearborn Street, Suite 3244
Chicago, Illinois 60604-1694



**Complainant Statement**

File Name: Dousman Transport/Stotesbery/301024164

I, David Stotesbery, reside at 813 Whitewater Avenue, Fort Atkinson, WI.  My telephone number is (920) 542-8635.  I worked for Dousman Transport, located at 1501 Industrial Avenue, Jefferson, WI.

I was hired in February of 2021 and worked part-time as a school bus driver earning $18.25 per hour.  I reported to Jamie Magner.

On September 20, 2023, after reporting to work for my afternoon route, I was conducting my pre-trip inspection of the bus I was assigned to operate (#69) after finding that my primary bus (#39) had a broken mirror bracket. In the course of my inspection, I discovered that the rear emergency exit door was inoperable and could not be opened without kicking it.
At 3:02pm, I called and reported the issue to my manager (Ms. Magner) stating that the school bus I was assigned to drive had failed my pre-trip due to a stuck rear emergency exit door. She informed me that there were no other buses available.
At 3:07pm, following a conversation via text regarding my concern, I entered the office for a face-to-face conversation with my manager. I explained to her that it wasn't my responsibility to ensure there were enough buses. She replied, "Fine, stay here and I'll go drive it." Knowing that the bus was unsafe and that my own children are on my route, I told her that was also unacceptable. She then stated that if I left the facility, I would be quitting. I was effectively left with 3 choices-
  1. Drive the bus after it had failed my pre-trip.
  2. Sit in the office while my manager drove the unsafe bus.
  3. Leave the facility, abandoning my job.

With no other options available to ensure the safety of the children, ultimately, I did leave.

At 3:13pm, immediately after I walked out, I called the company president (Larry Kirkley), and reported the incident. Larry promised to address the issue with my manager, and told me to expect to hear from her later that evening.

At 4:59pm, I received an email from my manager stating the following-
Hi Dave,
Thank you for bringing the bus issues to our attention. Bus 39 has been repaired with a new mirror mount and will be ready for your am route on 9/21/23. Bus 69, is out of service until we can fix the back door bracket. I do have your clipboard in the office.
See you in the am.
Have a good evening.

At 9:33pm, after much consideration, I replied-
Jamie,
This afternoon you gave me 3 choices.
1. Drive the bus after it failed pre-trip.
2. Sit in the office while you drive the bus, after it failed pre-trip.
3. Quit.
This email being the only thing I've heard from you since offering me those choices, I'm sticking with #3. I appreciate the opportunity to work for DTC, but the position you put me in today is absolutely unacceptable, and it's not a position I plan to find myself in again.
Best of luck to you,
Dave

I believe that if I had returned to work the following day, I would have been returning to a hostile work environment, due to my knowledge of complaints filed against my manager by other drivers in the past.

On September 27, 2023, I was contacted by former co-workers who told me that earlier day, the company president held a meeting with the drivers at the terminal. During that meeting he allegedly made defamatory statements about me, accusing me of lying about the safety issues and the facts surrounding my departure. It was this information that prompted me to file this complaint in order to protect myself from possible damaging defamation within the industry.

My desired outcome in filing this Complaint would be no negative employment history and back pay would be great. I'm not sure what outcomes are possible. I don't know if I would want my job back there or not based on how they handled things, but I also don't like the alternatives of driving much further to do the same kind of work in a different school district, so being re-instated in my original position and route would be considered.

At this time, I request to file a Whistleblower Complaint under the Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105.

I have read and had the opportunity to correct this statement consisting of two (2) typewritten pages, and these facts are true to the best of my knowledge and belief. Public law 91-596, Paragraph 17(g) and 18 U.S.C. §1001 make it a criminal offense to knowingly make a false statement or misrepresentation in this statement.

**Signature:** Electronic Signature on File **Date:** Approved via email October 18, 2023, at 7:37pm

U.S. Department of Labor        Occupational Safety and Health Administration
Chicago Regional Office
John C. Kluczynski Federal Building
230 S Dearborn Street, Suite 3244
Chicago, Illinois 60604-1694



| | |
|---|---|
| MEMORANDUM FOR: | Shawn Harrigan<br>Regional Supervisory Investigator |
| FROM: | Justin Eggen<br>Regional Whistleblower Investigator |
| SUBJECT: | Dousman Transport/Stotesbery/301024164 |
| STATUTE: | Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105 |

**COMPLAINANT:**  **Represented By:**
David Stotesbery    No Party
813 Whitewater Avenue
Fort Atkinson, WI 53538
Phone: (920) 542-8635
Email: thumbinollie@gmail.com

**RESPONDENT:**    **Represented By:**
Dousman Transport    No Party
1501 Industrial Avenue
Jefferson, WI 53549

| | |
|---|---|
| **U.S. Department of Labor** | Occupational Safety and Health Administration<br>Chicago Regional Office<br>John C. Kluczynski Federal Building<br>230 S Dearborn Street, Suite 3244<br>Chicago, Illinois 60604-1694 |



November 21, 2023

David Stotesbery
813 Whitewater Avenue
Fort Atkinson, WI  53538

Re: Dousman Transport/Stotesbery/301024164

Dear David Stotesbery:

This is to advise you that we have completed our investigation of the above-referenced complaint filed by you (Complainant) against Dousman Transport (Respondent) on September 28, 2023, under the Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105.  In brief, Complainant alleged that Respondent's actions following a refusal by Complainant to operate a vehicle he believed to be unsafe, left Complainant no other option than to abandon his position.

Complainant left his position with Respondent on September 20, 2023. On September 28, 2023, Complainant filed a complaint with the Secretary of Labor alleging retaliation in violation of STAA. As this complaint was filed within 180 days of the alleged adverse action, it is deemed timely.

Respondent is covered under the STAA because Respondent is a person within the meaning 49 U.S.C. §31105.  Respondent is also an employer within the meaning of 49 U.S.C. §31101. Respondent is engaged in transporting products or passengers on the highways via commercial motor vehicle, that is, a vehicle designed to transport more than 10 passengers including the driver.

Complainant is covered under the STAA because Complainant is an employee within the meaning of 49 U.S.C. §31101.  In the course of his employment, Complainant directly affected commercial motor vehicle safety by driving Respondent's commercial motor vehicles over highways in commerce to transport passengers.

Complainant alleged that after refusing to operate a vehicle he believed to be unsafe, he was forced to quit in order to prevent his supervisor from using the same vehicle to complete an afternoon bussing route.

Complainant's own testimony supports after upper management learned of the refusal and treatment of Complainant they corrected the actions taken against Complainant.  Maintenance repairs began immediately.  Complainant's immediate supervisor was required to email Complainant informing him of such and indicating he was to return to work the following day.  After receiving the email, Complainant elected to resign his employment through an email in reply.

Evidence does not support that Complainant suffered an adverse action. Therefore, OSHA does not have reasonable cause to believe that a violation of the Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105 occurred. Consequently, this complaint is dismissed.

Respondent and Complainant have 30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review.

Objections must be filed in writing with the Office of Administrative Law Judges:

Primary method - **via email to: OALJ-Filings@dol.gov**

Secondary method (if unable to file via email) - via hard copy submission to:

>Chief Administrative Law Judge - Office of Administrative Law Judges
>U.S. Department of Labor
>800 K Street NW, Suite 400 North
>Washington, D.C. 20001-8002
>Telephone: (202) 693-7300; Fax: (202) 693-7365

With copies to:

>Dousman Transport
>1501 Industrial Avenue
>Jefferson, WI 53549
>
>William J. Donovan
>Regional Administrator
>U.S. Department of Labor-OSHA
>230 S. Dearborn Street, Room 3244
>Chicago, IL 60604
>
>Denise Keller
>Assistant Regional Administrator
>Toledo Area OSHA Office
>100 N. Summit Street, Suite 100
>Toledo, OH  43604

In addition, please be advised that the U.S. Department of Labor does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an ALJ in which the parties are allowed an opportunity to present their evidence for the record. The ALJ who conducts the hearing will issue a decision based on the evidence and arguments, presented by the parties. Review of the ALJ's decision may be sought from the Administrative Review Board (ARB), to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under the statute.  A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint.  The rules and procedures for the handling of STAA complaints can be found in Title 29, Code of Federal Regulations 1978 (STAA), and may be obtained at www.whistleblowers.gov.

Sincerely,

*Shawn Harrigan*

Shawn Harrigan
Regional Supervisory Investigator

cc:  Respondent
  Chief Administrative Law Judge, USDOL
  Federal Motor Carrier Safety Administration

# UNITED STATES DEPARTMENT OF LABOR
### OFFICE OF ADMINISTRATIVE LAW JUDGES
Washington, DC

_____

**Issue Date: 13 December 2023**

OALJ Case No:   2024-STA-00026
OSHA Case No.: 301024164

*In the Matter of:*

**DAVID STOTESBERY,**
       *Complainant,*

       *v.*

**DOUSMAN TRANSPORT COMPANY, INC.,**
       *Respondent.*

### NOTICE OF DOCKETING

   On or about September 28, 2023, Complainant filed a complaint with the Department of Labor's Occupational Safety and Health Administration ("OSHA") alleging he was constructively discharged on or about September 20, 2023 after refusing to operate a vehicle he believed to be unsafe, a violation of the employee protection provisions of the Surface Transportation Assistance Act of 1982 ("STAA"), 49 U.S.C. § 31105, and the regulations promulgated at 29 C.F.R. Part 1978.  OSHA dismissed the complaint by letter dated November 21, 2023.

   Complainant, representing himself, has appealed the dismissal and the Office of Administrative Law Judges ("OALJ") docketed the case on December 8, 2023.  It is not yet assigned to a presiding administrative law judge ("ALJ").  A Notice of Hearing and Prehearing Order will be sent to the parties once the matter is assigned to an ALJ.  You may track the progress of the case using the Case Status Lookup feature on the OALJ website at https://www.dol.gov/agencies/oalj. Until the case is assigned to a presiding ALJ, questions may be addressed to law clerk Tessa Zavislan at 202-693-7402 or zavislan.tessa.m@dol.gov.

   Parties are encouraged to efile with OALJ using DOL's eFile/eServe System ("EFS") at https://www.dol.gov/agencies/oalj/EFS.  A Notice of Appearance is required to use EFS.

   In the meantime, if the case is referred for possible mediation or you wish to request mediation or information on the Alternative Dispute Resolution program,

the website contains the appropriate forms as well as contact information at https://www.dol.gov/agencies/oalj/mediation.

In addition to any of the rules set forth in the statute or implementing regulations governing this case type, the OALJ Rules of Practice and Procedure apply and can be found on the OALJ website at https://www.dol.gov/agencies/oalj/topics/libraries/LIBRULES. Unless an exemption applies, the parties are required to make initial disclosures within 21 days of the date of this notice without awaiting a discovery request or discovery order. *See* 29 C.F.R. § 18.50(c)(1). **The initial disclosures should not be filed with this office.**

**SO ORDERED.**

Digitally signed by STEPHEN R. HENLEY
DN: CN=STEPHEN R. HENLEY, OU=ADMINISTRATIVE LAW JUDGE, O=US DOL Office of Administrative Law Judges, L=Washington, S=DC, C=US
Location: Washington DC

**STEPHEN R. HENLEY**
Chief Administrative Law Judge

## SERVICE SHEET

Case Name:  **Stotesbery_v_Dousman_Transport_**

Case Number: **2024STA00026**

Document Title: **NOTICE OF DOCKETING**

I hereby certify that a copy of the above-referenced document was sent to the following this 13th day of December, 2023:



Digitally signed by Mintha Dowtin
DN: CN=Mintha Dowtin, OU=Paralegal Specialist, O=US DOL Office of Administrative Law Judges, L=Washington, S=DC, C=US
Location: Washington DC

**Mintha Dowtin**
Paralegal Specialist

David Stotesbery
thumbinollie@gmail.com
813 Whitewater Ave.
FORT ATKINSON WI 53538
　　　*{Electronic - Regular Email}*

Allan Campbell
Allan.carroll@dtcbus.com
Terminal Manager
Dousman Transport
1501 Industrial Avenue
JEFFERSON WI 53549
　　　*{Electronic - Regular Email}*

# UNITED STATES DEPARTMENT OF LABOR
## OFFICE OF ADMINISTRATIVE LAW JUDGES
### CINCINNATI, OHIO
**(513) 684-3252**
**oalj-cincinnati@dol.gov**

_____

**Issue Date: 22 September 2025**

**CASE No.: 2024-STA-00026**
**OSHA No.: 301024164**

In the Matter of:

**DAVID STOTESBERY,**
Complainant,

**v.**

**DOUSMAN TRANSPORT,**
Respondent.

## ORDER OF DISMISSAL

This case arises under the Surface Transportation Assistance Act, 49 U.S.C. § 31105. On September 17, 2025, the Complainant provided me with a time-stamped copy of the Complaint he filed on September 10, 2025, captioned *Stotesbery v. Dousman Transport Co., Inc.,* United States District Court, Western District of Wisconsin Case 3:25-CV-00759.

Pursuant to 29 C.F.R. §1978.114, **IT IS HEREBY ORDERED** that the proceeding before me is **DISMISSED without prejudice.**

John P. Sellers, III
Administrative Law Judge

# SERVICE SHEET

Case Name:  **Stotesbery_v_Dousman_Transport_**

Case Number: **2024STA00026**

Document Title: **ORDER OF DISMISSAL**

I hereby certify that a copy of the above-referenced document was sent to the following this 22nd day of September, 2025:

**RAYMOND WILKE**
Paralegal Specialist

Regional Solicitor
U. S. Department of Labor
Room 844
230 South Dearborn Street
CHICAGO IL 60604
    *{Electronic - Regular Email}*

Attorney Lewis
jlewis@jlewislawoffice.com
Lewis Law Office LLC
10 East Doty Street Ste 800
MADISON WI 53703
    *{Electronic - Regular Email}*

OSHA-Region 5 Regional Administrator
OSHARegion5ALJLetters@dol.gov
Regional Administrator
Region 5
U. S. Department of Labor, OSHA
Room 3244
230 South Dearborn Street
CHICAGO IL 60604
    *{Electronic - Regular Email}*

Denise Keller
keller.denise@dol.gov
100 N Summit St. Suite 100
TOLEDO OH 43604
    *{Electronic - Regular Email}*

OSHA, Whistlebl Director
Director
Directorate of Whistleblower Protection Programs
U S Department of Labor, OSHA
Room N 4618 FPB
200 CONSTITUTION AVE NW
WASHINGTON DC 20210
    *{Electronic - Regular Email}*