**U.S. Department of Labor**  Occupational Safety and Health Administration
Chicago Regional Office
John C. Kluczynski Federal Building
230 S Dearborn Street, Suite 3244
Chicago, Illinois 60604-1694



November 21, 2023

Via electronic media: oalj-f-whistleblower@dol.gov

Chief Administrative Law Judge
USDOL - Office of Administrative Law Judges
U. S. Department of Labor
800 K Street NW, Suite 400 North
Washington, D.C. 20001-8002

Re: Dousman Transport/Stotesbery/301024164

Dear Sir or Madam:

The above referenced matter is a complaint of retaliation under Section 405 of the Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105, as amended by the Implementing Recommendations of the 9/11 Commission Act of 2007, Public Law No. 110-53. A copy of our findings, the original complaint and the first page of the Report of Investigation for the subject whistleblower case is enclosed for your information.

Sincerely,

*Shawn Harrigan*

Shawn Harrigan
Regional Supervisory Investigator


Enclosures:   Complaint
              First Page ROI
              Secretary's Findings

**U.S. Department of Labor**   Occupational Safety and Health Administration
Chicago Regional Office
John C. Kluczynski Federal Building
230 S Dearborn Street, Suite 3244
Chicago, Illinois 60604-1694



**Complainant Statement**

File Name: Dousman Transport/Stotesbery/301024164

I, David Stotesbery, reside at 813 Whitewater Avenue, Fort Atkinson, WI.  My telephone number is (920) 542-8635.  I worked for Dousman Transport, located at 1501 Industrial Avenue, Jefferson, WI.

I was hired in February of 2021 and worked part-time as a school bus driver earning $18.25 per hour.  I reported to Jamie Magner.

On September 20, 2023, after reporting to work for my afternoon route, I was conducting my pre-trip inspection of the bus I was assigned to operate (#69) after finding that my primary bus (#39) had a broken mirror bracket. In the course of my inspection, I discovered that the rear emergency exit door was inoperable and could not be opened without kicking it.
At 3:02pm, I called and reported the issue to my manager (Ms. Magner) stating that the school bus I was assigned to drive had failed my pre-trip due to a stuck rear emergency exit door. She informed me that there were no other buses available.
At 3:07pm, following a conversation via text regarding my concern, I entered the office for a face-to-face conversation with my manager. I explained to her that it wasn't my responsibility to ensure there were enough buses. She replied, "Fine, stay here and I'll go drive it." Knowing that the bus was unsafe and that my own children are on my route, I told her that was also unacceptable. She then stated that if I left the facility, I would be quitting. I was effectively left with 3 choices-
1. Drive the bus after it had failed my pre-trip.
2. Sit in the office while my manager drove the unsafe bus.
3. Leave the facility, abandoning my job.

With no other options available to ensure the safety of the children, ultimately, I did leave.

At 3:13pm, immediately after I walked out, I called the company president (Larry Kirkley), and reported the incident. Larry promised to address the issue with my manager, and told me to expect to hear from her later that evening.

At 4:59pm, I received an email from my manager stating the following-
Hi Dave,
Thank you for bringing the bus issues to our attention. Bus 39 has been repaired with a new mirror mount and will be ready for your am route on 9/21/23. Bus 69, is out of service until we can fix the back door bracket. I do have your clipboard in the office.
See you in the am.
Have a good evening.

At 9:33pm, after much consideration, I replied-
Jamie,
This afternoon you gave me 3 choices.
1. Drive the bus after it failed pre-trip.
2. Sit in the office while you drive the bus, after it failed pre-trip.
3. Quit.
This email being the only thing I've heard from you since offering me those choices, I'm sticking with #3. I appreciate the opportunity to work for DTC, but the position you put me in today is absolutely unacceptable, and it's not a position I plan to find myself in again.
Best of luck to you,
Dave

I believe that if I had returned to work the following day, I would have been returning to a hostile work environment, due to my knowledge of complaints filed against my manager by other drivers in the past.

On September 27, 2023, I was contacted by former co-workers who told me that earlier day, the company president held a meeting with the drivers at the terminal. During that meeting he allegedly made defamatory statements about me, accusing me of lying about the safety issues and the facts surrounding my departure. It was this information that prompted me to file this complaint in order to protect myself from possible damaging defamation within the industry.

My desired outcome in filing this Complaint would be no negative employment history and back pay would be great. I'm not sure what outcomes are possible. I don't know if I would want my job back there or not based on how they handled things, but I also don't like the alternatives of driving much further to do the same kind of work in a different school district, so being re-instated in my original position and route would be considered.

At this time, I request to file a Whistleblower Complaint under the Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105.

I have read and had the opportunity to correct this statement consisting of two (2) typewritten pages, and these facts are true to the best of my knowledge and belief. Public law 91-596, Paragraph 17(g) and 18 U.S.C. §1001 make it a criminal offense to knowingly make a false statement or misrepresentation in this statement.


**Signature:** Electronic Signature on File **Date:** Approved via email October 18, 2023, at 7:37pm

**U.S. Department of Labor**     Occupational Safety and Health Administration
Chicago Regional Office
John C. Kluczynski Federal Building
230 S Dearborn Street, Suite 3244
Chicago, Illinois 60604-1694



| | |
|---|---|
| MEMORANDUM FOR: | Shawn Harrigan<br>Regional Supervisory Investigator |
| FROM: | Justin Eggen<br>Regional Whistleblower Investigator |
| SUBJECT: | Dousman Transport/Stotesbery/301024164 |
| STATUTE: | Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105 |

**COMPLAINANT:**              **Represented By:**
David Stotesbery               No Party
813 Whitewater Avenue
Fort Atkinson, WI 53538
Phone: (920) 542-8635
Email: thumbinollie@gmail.com

**RESPONDENT:**               **Represented By:**
Dousman Transport              No Party
1501 Industrial Avenue
Jefferson, WI 53549

1

**U.S. Department of Labor**    Occupational Safety and Health Administration
Chicago Regional Office
John C. Kluczynski Federal Building
230 S Dearborn Street, Suite 3244
Chicago, Illinois 60604-1694



November 21, 2023

David Stotesbery
813 Whitewater Avenue
Fort Atkinson, WI  53538

Re: Dousman Transport/Stotesbery/301024164

Dear David Stotesbery:

This is to advise you that we have completed our investigation of the above-referenced complaint filed by you (Complainant) against Dousman Transport (Respondent) on September 28, 2023, under the Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105.  In brief, Complainant alleged that Respondent's actions following a refusal by Complainant to operate a vehicle he believed to be unsafe, left Complainant no other option than to abandon his position.

Complainant left his position with Respondent on September 20, 2023. On September 28, 2023, Complainant filed a complaint with the Secretary of Labor alleging retaliation in violation of STAA.  As this complaint was filed within 180 days of the alleged adverse action, it is deemed timely.

Respondent is covered under the STAA because Respondent is a person within the meaning 49 U.S.C. §31105.  Respondent is also an employer within the meaning of 49 U.S.C. §31101.  Respondent is engaged in transporting products or passengers on the highways via commercial motor vehicle, that is, a vehicle designed to transport more than 10 passengers including the driver.

Complainant is covered under the STAA because Complainant is an employee within the meaning of 49 U.S.C. §31101.  In the course of his employment, Complainant directly affected commercial motor vehicle safety by driving Respondent's commercial motor vehicles over highways in commerce to transport passengers.

Complainant alleged that after refusing to operate a vehicle he believed to be unsafe, he was forced to quit in order to prevent his supervisor from using the same vehicle to complete an afternoon bussing route.

Complainant's own testimony supports after upper management learned of the refusal and treatment of Complainant they corrected the actions taken against Complainant.  Maintenance repairs began immediately.  Complainant's immediate supervisor was required to email Complainant informing him of such and indicating he was to return to work the following day.  After receiving the email, Complainant elected to resign his employment through an email in reply.

Evidence does not support that Complainant suffered an adverse action. Therefore, OSHA does not have reasonable cause to believe that a violation of the Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105 occurred. Consequently, this complaint is dismissed.

Respondent and Complainant have 30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review.

Objections must be filed in writing with the Office of Administrative Law Judges:

Primary method - **via email to: OALJ-Filings@dol.gov**

Secondary method (if unable to file via email) - via hard copy submission to:

>Chief Administrative Law Judge - Office of Administrative Law Judges
>U.S. Department of Labor
>800 K Street NW, Suite 400 North
>Washington, D.C. 20001-8002
>Telephone: (202) 693-7300; Fax: (202) 693-7365

With copies to:

>Dousman Transport
>1501 Industrial Avenue
>Jefferson, WI 53549
>
>William J. Donovan
>Regional Administrator
>U.S. Department of Labor-OSHA
>230 S. Dearborn Street, Room 3244
>Chicago, IL 60604
>
>Denise Keller
>Assistant Regional Administrator
>Toledo Area OSHA Office
>100 N. Summit Street, Suite 100
>Toledo, OH  43604

In addition, please be advised that the U.S. Department of Labor does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an ALJ in which the parties are allowed an opportunity to present their evidence for the record. The ALJ who conducts the hearing will issue a decision based on the evidence and arguments, presented by the parties. Review of the ALJ's decision may be sought from the Administrative Review Board (ARB), to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under the statute.  A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint.  The rules and procedures for the handling of STAA complaints can be found in Title 29, Code of Federal Regulations 1978 (STAA), and may be obtained at www.whistleblowers.gov.

Sincerely,

*Shawn Harrigan*

Shawn Harrigan
Regional Supervisory Investigator

cc: Respondent
 Chief Administrative Law Judge, USDOL
 Federal Motor Carrier Safety Administration

Case: 3:25-cv-00759-jdp   Document #: 10-1   Filed: 03/10/26   Page 7 of 7