**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

---

David Oliver Stotesbery,

*Plaintiff,*

v.

Case No. 3:25-cv-00759-jdp

Dousman Transport Co., Inc.,

*Defendant.*

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS (DKT. 7)**

---

**<u>INTRODUCTION</u>**

Plaintiff David Oliver Stotesbery respectfully opposes Defendant's Motion to Dismiss (Dkt. 7). Defendant argues that an OSHA investigation dismissal—issued just 54 days after filing and timely appealed—constitutes a "final decision" of the Secretary of Labor that bars de novo review under 49 U.S.C. § 31105(c).[1] It does not. Both the statute and the implementing regulation distinguish OSHA's preliminary findings from a "final order" of the Secretary. No final order was ever issued here. The Secretary failed to issue a final decision for 713 days. This is precisely the situation Congress designed the kick-out provision to remedy. Defendant's Rule 12(b)(6)

---

[1] Section 31105(c) provides: "[I]f the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury." 49 U.S.C. § 31105(c).

1

argument likewise fails because it asks this Court to resolve factual disputes—particularly whether Plaintiff's departure was voluntary or coerced—at the pleading stage.

## STANDARD OF REVIEW

Under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint survives if it states a claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pro se complaints are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ARGUMENT

**I. This Court Has Subject Matter Jurisdiction Under § 31105(c).**

**A. The Statute Distinguishes "Preliminary Order" from "Final Decision."**

The STAA establishes a multi-step administrative process. Under § 31105(b)(2)(A), the Secretary investigates and issues findings; if reasonable cause is found, a preliminary order also issues.[2] Under § 31105(b)(2)(B), either party may object and request a hearing; absent objection, the preliminary order "becomes final." Under § 31105(b)(2)(C), after a hearing, the Secretary issues a "final order." Judicial review of an "order issued after a hearing" lies in the court of appeals. § 31105(d). The kick-out provision, § 31105(c), provides that if the Secretary has not issued a "final decision" within 210 days, the employee may bring a de novo district court action.

---

[2]The statute provides that the Secretary investigates and issues findings; if the Secretary finds reasonable cause, the Secretary also issues a preliminary order. 49 U.S.C. § 31105(b)(2)(A). Where OSHA dismisses the complaint, findings are issued but no preliminary order granting relief.

2

Congress used these terms deliberately. A preliminary finding under § 31105(b)(2)(A) is not a "final decision" under § 31105(c). When a complainant timely objects, as Plaintiff did, those findings do not become final—they are the beginning of the administrative process, not its end.

## B. The Regulation Confirms This Reading.

The implementing regulation, 29 C.F.R. § 1978.114(a), provides that a complainant may bring a de novo district court action where "there is no final order of the Secretary" and 210 days have passed.[3] The regulation uses "final order"—not "investigation dismissal" or "preliminary findings." No final order of any kind was ever issued in this case. The Department's own guidance is consistent: OSHA has stated that "[a] final decision means a decision by the Administrative Review Board (ARB), or either an Administrative Law Judge (ALJ) decision or a Secretary's Findings that has not been appealed."[4] Here, Plaintiff's findings were appealed. They never became final.

## C. The Procedural History Confirms Jurisdiction.

The material facts are undisputed. Plaintiff filed his OSHA complaint on September 28, 2023. OSHA dismissed it 54 days later, on November 21, 2023. Plaintiff timely objected, and the case was docketed at the OALJ on December 8, 2023. Dkt. 10-2. The matter was assigned to ALJ John P. Sellers III, and the proceeding continued for nearly two years: the ALJ denied Defendant's motion to dismiss and ordered Defendant to respond to discovery.[5] No hearing was ever held. No ALJ decision, ARB decision, or final order was ever issued. On September 10, 2025—713 days

---

[3]29 C.F.R. § 1978.114(a) ("If there is no final order of the Secretary, 210 days have passed since the filing of the complaint, and there is no showing that there has been delay due to the bad faith of the complainant, the complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States.").

[4]Memorandum from Francis Yebesi, Acting Dir., Directorate of Whistleblower Protection Programs, to Regional Administrators (Jan. 26, 2018), available at https://www.whistleblowers.gov/memo/2018-01-26.

[5]Order on Pending Motions, Stotesbery v. Dousman Transport, OALJ Case No. 2024-STA-00026 (Sellers, ALJ, Jan. 24, 2025) (denying Respondent's motion to dismiss; ordering discovery responses).

after the complaint was filed—Plaintiff filed this federal action. The ALJ then dismissed the OALJ proceeding without prejudice pursuant to 29 C.F.R. § 1978.114. Dkt. 10-3.

The ALJ's dismissal under § 1978.114 is itself powerful evidence that the kick-out was properly invoked. That regulation applies only where "there is no final order of the Secretary." If OSHA's 54-day investigation dismissal had been a "final decision," the ALJ would have had no basis to dismiss under § 1978.114.

### D. Defendant's Interpretation Would Nullify the Kick-Out Provision.

OSHA routinely completes investigations well within 210 days—as it did here, in 54 days. Under Defendant's reading, no complainant who received an adverse OSHA investigation could ever invoke § 31105(c), even if subsequent proceedings dragged on for years. That reading renders the kick-out provision a dead letter. The Federal Register preamble confirms that the provision's purpose is to ensure the complainant receives a prompt decision—a purpose not implicated where a final decision has already issued.[6] Plaintiff waited 713 days. He received no decision.

### E. Brousil Is Inapposite.

Defendant cites *Brousil v. United States Dep't of Lab.*, 43 F.4th 808 (7th Cir. 2022), but *Brousil* involved appellate review of a completed administrative record where the ARB had issued a final decision.[7] That is the opposite of this case. Here, no ALJ decision, no ARB decision, and no final order of any kind was ever issued. *Brousil* illustrates what happens when the administrative process works; § 31105(c) provides the remedy when it does not.

### II. The Complaint States a Claim Upon Which Relief May Be Granted.

---

[6]75 Fed. Reg. 53,544, 53,555 (Aug. 31, 2010) ("In the Secretary's view, the purpose of the 'kick out' provision is to aid the complainant in receiving a prompt decision. That goal is not implicated in a situation where the complainant already has received a final decision from the Secretary.").

[7]Defendant's motion characterizes Brousil as a "Federal Railroad Safety Act" case, Dkt. 7 at 5, but the ARB docket identifies it as ALJ No. 2019-ERA-00003, an Energy Reorganization Act case.

To state an STAA retaliation claim, Plaintiff must allege (1) protected activity, (2) an adverse employment action, and (3) that the protected activity was a contributing factor in the adverse action. 49 U.S.C. § 31105(a)(1), (b)(1).

**Protected Activity.** On September 20, 2023, Plaintiff refused to operate Bus #69 after discovering its rear emergency exit door required kicking to open—violating 49 C.F.R. § 571.217 S5.3.1 (maximum 178 Newtons of force). Defendant admits the door "was difficult to open."[8] A refusal to operate a vehicle that violates a federal safety standard is protected under § 31105(a)(1)(B)(i). Plaintiff also reported the violation to his supervisor and to company president Larry Kirkley—protected under § 31105(a)(1)(A). *See Clean Harbors Envtl. Servs. v. Herman*, 146 F.3d 12, 15 (1st Cir. 1998) (internal safety complaints constitute protected activity).

**Adverse Action.** Within minutes of Plaintiff's refusal, Terminal Manager Magner issued a three-option ultimatum: (1) drive the unsafe bus, (2) sit in the office while Magner drove it, or (3) leave. At 3:11 p.m., Magner texted: "Ok. So, you chose to walk off your job. That is a quit. I did NOT fire you." Every option either required acquiescence to an unsafe condition or forfeiture of employment. This constitutes constructive discharge.[9] In the STAA context specifically, an employer's decision to interpret ambiguous employee actions as a resignation—when the employee has not clearly resigned—constitutes a discharge.[10]

Defendant argues that Magner's 4:59 p.m. email inviting Plaintiff to return "cured" any adverse action. But that email came nearly two hours after the "that is a quit" text—and only after

---

[8]Resp.'s Resp. to Req. for Admissions No. 2, filed Jan. 16, 2025, OALJ Case No. 2024-STA-00026. A copy is attached as Exhibit A.

[9]Pa. State Police v. Suders, 542 U.S. 129, 141 (2004) (constructive discharge occurs when working conditions become "so intolerable that a reasonable person would have felt compelled to resign").

[10]Jones v. Schwan's Home Serv., ALJ No. 2019-STA-00040, slip op. at 33–34 (ALJ Feb. 28, 2023) (Sellers, ALJ) ("[E]xcept where an employee actually has resigned, an employer who decides to interpret an employee's actions as a quit or resignation has in fact decided to discharge that employee.") (citing Minne v. Tec Serv., ARB No. 2006-0059 (ARB 2007)).

company president Kirkley intervened following Plaintiff's 3:13 p.m. complaint call. An employer cannot terminate an employee for protected activity, then retroactively rewrite the narrative. Whether Plaintiff's subsequent email declining to return was a voluntary resignation or a reasonable response to an already-hostile situation is a factual question the Court cannot resolve on a motion to dismiss. *Iqbal*, 556 U.S. at 678. Moreover, on September 27, 2023, Kirkley publicly disparaged Plaintiff at a company-wide meeting—an independent retaliatory act that further demonstrates animus.

**Causation.** The adverse action occurred within nine minutes of the protected refusal. Such temporal proximity readily supports an inference of retaliation at the pleading stage. *See Naficy v. Ill. Dep't of Human Servs.*, 697 F.3d 504, 513 (7th Cir. 2012). Defendant's reliance on the OSHA investigator's findings is misplaced: at the 12(b)(6) stage, the Court accepts Plaintiff's allegations as true and does not weigh them against the preliminary conclusions Plaintiff timely appealed. The factual disputes here are precisely what a trial is for.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss (Dkt. 7) in its entirety.

Respectfully submitted,

/s/ David Oliver Stotesbery
**David Oliver Stotesbery, Pro Se**
521 Mellum Drive
Stoughton, WI 53589
(920) 542-8635
mrstotes@pm.me

Dated: March 20, 2026

6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20th, 2026, I served a true and correct copy of the foregoing

Plaintiff's Response in Opposition to Defendant's Motion to Dismiss upon counsel for Defendant

by CM/ECF electronic notice addressed to:


       Julie A. Lewis, Esq.
       Lewis Law Office, LLC
       345 W. Washington Ave., Suite 201
       Madison, WI 53703
       jlewis@jlewislawoffice.com


/s/ David Oliver Stotesbery
David Oliver Stotesbery, Pro Se