Before the
UNITED STATES DEPARTMENT OF LABOR
OFFICE OF ADMINISTRATIVE LAW JUDGES

---

DAVID STOTESBERY,

      Complainant,

v.                                                    Case No.     2024-STA-00026
                                       Administrative Law Judge John P. Sellers III

DOUSMAN TRANSPORT COMPANY, INC.

      Respondent.

---

RESPONDENT'S RESPONSE TO COMPLAINANT'S REQUEST FOR ADMISSIONS

---

To:    Complainant David Stotesbery

Respondent makes the following response to Complainant's Request for Admissions. These responses may be supplemented as provided by 29 C.F.R. § 18.53.

REQUEST FOR ADMISSIONS – First Set

1.     Admit that on September 20, 2023, Bus 39's mirror was broken.

**Response** - Admit

2.    Admit that Bus 69's emergency exit was inoperable.

**Response** – Admit in part; deny in part.  On September 20, 2023, the Jefferson Terminal Manager became aware that the rear emergency exit on Bus 69 was difficult to open.

3.    Admit that Jamie Magner provided an ultimatum to Complainant.

**Objection** - Vague

**Response** – Deny

1

4.      Admit that YOU classified Complainant's departure as a resignation.

**Response** – Admit in part; deny in part.  The Complainant resigned his employment with Respondent by text and by email on September 20, 2023.  As a result, the Complainant's resignation was recorded as a voluntary quit in his employment record.

5.      Admit that YOU sent a return-to-work demand without a formal agreement.

**Response** – Deny.  Respondent asked the Complainant to return to work on September 21, 2023, by email.  The Complainant refused to return to work and reiterated that he had resigned.

6.      Admit that Bus 69 was removed from service after September 20, 2023.

**Response** – Deny.  Bus  69 was removed from service on September 20, 2023, to repair the rear exit bracket.

7.      Admit that other employees have raised safety concerns about buses.

**Response** - Admit – Respondent employees are required to report safety concerns about buses to their terminal manager.

8.      Admit that YOU received complaints about Jamie Magner prior to September 20, 2023.

**Objection** – Not calculated to lead to the discovery of admissible evidence.

**Response** - Deny

9.      Admit that YOU conducted no harassment training for Jamie Magner.

**Objection** – Not calculated to lead to the discovery of admissible evidence.

**Response** – Deny.  All employees of Respondent have completed harassment training.

10.     Admit that complaints about Jamie Magner contributed to her termination.

**Objection** – Not calculated to lead to the discovery of admissible evidence.

**Response** – Deny.

REQUEST FOR ADMISSIONS – Second Set

1.      Admit that on September 20, 2023, Bus 39's mirror was broken.

**Response** – See response to Request 1, First Set.

2

2.      Admit that on September 20, 2023, Bus 69's emergency exit was inoperable.

**Response** – See response to Request 2, First Set.

3.      Admit that on September 20, 2023, Jamie Magner provided an ultimatum to Complainant.

**Response** – See response to Request 3, First Set.

4.      Admit that on September 20, 2023, YOU classified Complainant's departure as a resignation.

**Response** – See response to Request 4, First Set.

5.      Admit that on September 20, 2023, YOU sent a return-to-work demand without formal agreement.

**Response** – See response to Request 5, First Set.

6.      Admit that Bus 69 was removed from service after September 20, 2023.

**Response** – See response to Request 6, First Set.

7.      Admit that other employees have raised safety concerns about buses.

**Response** – See response to Request 7, First Set.

8.      Admit that YOU received complaints about Jamie Magner prior to September 20, 2023.

**Response** - See Response to Request 8, First Set.

9.      Admit that YOU conducted no harassment training for Jamie Magner.

**Response** – See Response to Request 9, First Set.

10.      Admit that complaints about Jamie Magner contributed to her termination.

**Response** – See Response to Request 10, First Set.

11.      Admit that YOU were required to maintain safety records under federal regulations.

**Response** – Admit in part; deny in part.  As a student transportation provider, Respondent maintains vehicle safety records as required by state and federal law.

3

12.     Admit that YOU were aware of Complainant's safety concerns before his departure.

**Response** – Admit in part; deny in part.  The Complainant notified his terminal manager that the rear exit of Bus 69 was not working properly on September 20, 2023.

13.     Admit that YOU took no disciplinary action against Jamie Magner for the INCIDENT.

**Response** – Admit.

14.     Admit that YOU made no formal investigation of the safety concerns before demanding Complainant's return.

**Response** – Deny.  Bus 69 was removed from service for maintenance on the rear exit door bracket on September 20, 2023, after the Complainant notified the terminal manager that the rear exit door was not working properly.

15.     Admit that YOU have policies prohibiting retaliation against employees who raise safety concerns.

**Response** – Admit in part; deny in part.  By policy and pursuant to applicable law, Respondent prohibits retaliation against employees for any reason.

Dated this 16th day of January, 2025

LEWIS LAW OFFICE, LLC

Attorney for the Respondent

*Julie Lewis*

_____

Julie A. Lewis
State Bar No. 1048367

P.O. Address
10 East Doty Street, Suite 800
Madison, WI 53703

Direct Contact
Julie A. Lewis
(608) 298-7324/office
jlewis@jlewislawoffice.com

4

I hereby certify that on January 16, 2025, I served an exact copy of this document on all parties and/or counsel of record for the parties by electronic mail, pursuant to Fed.R.Civ.P. 30(b).

LEWIS LAW OFFICE, LLC


By:     /s/ Julie A. Lewis
        _____
        Julie A. Lewis

To:     Complainant David Stotesbery