UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

David Oliver Stotesbery,

     Plaintiff,

  -vs-

Dousman Transport Company., Inc.

     Defendant.

Case No.: 25-cv-759-jdp
Nature of suit: 790 Labor: Other

---

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS CLAIM UNDER FED. R. CIV. P. 12((b)(1) and 12(b)(6)

---

For its Reply to Plaintiff's Response to the above-referenced Motion, the Defendant

submits the following:

FACTS

The Secretary of Labor dismissed the Plaintiff's retaliation complaint against the

Defendant under the Surface Transportation Assistance Act (STAA), 49 U.S.C. § 31105, for lack

of evidence and lack of reasonable cause to believe that an STAA violation occurred.  Dkt#10, Ex.

1.[1][2]

---

[1] / The STAA provides:

(b) Filing Complaints and Procedures. –

(1) An employee alleging discharge, discipline, or discrimination in violation of subsection (a) of this section … may file a complaint with the Secretary of Labor not later than 180 days after the alleged violation occurred….

(2)(A) Not later than 60 days after receiving a complaint, the Secretary of Labor shall conduct an investigation, decide whether it is reasonable to believe the complaint has merit, and notify, in writing, the complainant and the person alleged to have committed the violation of the findings.

49 U.S.C. § 31105(b)(1) and (2)

[2] / "Evidence does not support that Complainant suffered an adverse action. Therefore, OSHA does not have reasonable cause to believe that a violation of the Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105 occurred. Consequently, this complaint is dismissed."

U.S. Department of Labor, Reg. Sup. Investigator Shawn Harrigan, Letter to David Stotesbery (Nov. 21, 2023), Dkt#10, Ex. 1.

The Secretary of Labor found that the Plaintiff did not make a "prima facie showing that any [prohibited] behavior … was a contributing factor in the unfavorable personnel action alleged in the complaint" 49 U.S.C. § 42121(b)(2)(B)(i).

In this case, the Plaintiff's own admissions mandated dismissal of his case. The Plaintiff acknowledged to the investigator that the Defendant corrected its actions against the Plaintiff, maintenance repairs began immediately on the vehicle in question and the Defendant asked the Plaintiff to return to work the next day. After receiving the Defendant's request to return to work, the Plaintiff chose to resign.[3] For these reasons, no prima facie case can be made under the STAA.

In fact, the Secretary "may determine that a violation [of the STAA] has occurred only if the complainant demonstrates that any [prohibited] behavior was a contributing factor in the unfavorable personnel action alleged" in the complaint. *Id*. at (iii). The Secretary specifically found against the Plaintiff in this regard and dismissed his complaint as a result. Dkt#10, Ex. 1.[45]

---

[3] / DOL Supervisory Investigator Shawn Harrigan found:

> [The] Complainant alleged that after refusing to operate a vehicle he believed to be unsafe, he was forced to quit in order to prevent his supervisor from using the same vehicle to complete an afternoon bussing route.
> Complainant's own testimony supports after upper management learned of the refusal and treatment of Complainant they corrected the actions taken against Complainant. Maintenance repairs began immediately. Complainant's immediate supervisor was required to email Complainant informing him of such and indicating he was to return to work the following day. After receiving the email, Complainant elected to resign his employment through an email in reply.

Dkt.#10, Ex. 1.

[4] / All complaints initiated under section 31105(b)(1) of the STAA are governed by the legal burdens of proof in section 42121(b). 49 U.S.C. § 31105(b)(1).

[5] / Section 42121(b) states:

(B) Requirements –

(i) Required showing by complainant –

The Secretary of Labor shall dismiss a complaint filed under this subsection and shall not conduct an investigation otherwise required under subparagraph (A) unless the complainant makes a prima facie showing that any behavior described in paragraphs (1) through (4) of subsection (a) was a contributing factor in the unfavorable personnel action alleged in the complaint.

…

(iii) Criteria for determination by secretary. –

The Secretary may determine that a violation of subsection (a) has occurred only if the complainant demonstrates that any behavior described in paragraphs (1) through (4) of subsection (a) was a contributing factor in the unfavorable personnel action alleged in the complaint.

49 U.S.C. § 42121(b)(2)(B)(i) and (iii).

After his complaint was dismissed, the Plaintiff exercised the only right he had under the STAA for review of that decision. He filed an objection. The Department of Labor then transferred his case to the Office of Administrative Law Judges (OALJ) for a hearing as the STAA requires. Dkt.#10, Ex. 2.

While the matter was pending before the OALJ, after discovery had been taken and completed, after the Defendant had filed a motion to dismiss the case and before the OALJ hearing was scheduled, the Plaintiff voluntarily dismissed his objection and filed this complaint in federal district court demanding a jury trial pursuant to the STAA's "kick-out" provision. The OALJ dismissed the Plaintiff's objection without prejudice, thereby allowing the action to be returned to the OALJ for adjudication. Dkt#10, Ex. 3.

ARGUMENT

The "kick-out" provision of the STAA allows an STAA claimant to bring an original action at law or equity for a de novo review in the appropriate federal district court if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and the employee has not engaged in bad faith delay. 49 U.S.C. § 31105(c).

In this matter, the question before the Court is whether the Court has subject matter jurisdiction in a case where there is no inaction on OSHA's part – that is, where the Secretary has affirmatively dismissed the case for lack of evidentiary support.

There is no federal case that allows an STAA complainant to terminate the administrative review process at the Department of Labor at will and opt for judicial review and a jury trial. To the contrary and consistent with the Administrative Procedure Act of 1946, 5 U.S.C. §§ 551-559 (APA), the STAA's administrative review process is well-defined. It provides a full evidentiary hearing, appellate review by the Department of Labor's Administrative Review Board (ARB) and

then judicial review of the ARB's decision in the relevant federal appellate court. Nothing in the STAA or related regulations creates the right to a de novo adjudication in federal court at the option of the complainant regardless of the posture of the case. The complainant can only opt out of exhausting his administrative remedies if he has not received any due administrative process (*i.e.*, a final decision) within 210 days of filing the STAA complaint.

Nothing else makes sense. The STAA's administrative process allows even a complainant whose case was dismissed for failure of proof to try to regenerate the claim before an administrative law judge. It follows closely the APA's rights and process for administrative agency causes of action. Although one might argue that there is no final decision when objections are filed after relief has actually been awarded to the employee, in this case, the Plaintiff's admissions precluded further review of his complaint. That is a final decision, it is subject to a complete administrative and appellate court review, and it should not be co-opted to another forum to start over again.

In *Paz v. Cristina Foods, Inc.*, No. 1:19-CV-7813, 2020 WL 11763590, at *2 (N.D. Ill. Aug. 26, 2020)(not reported), the court examined whether an STAA plaintiff failed to exhaust the STAA's administrative process after missing the complaint filing deadline. The court held that an STAA litigant has the affirmative burden to show administrative inaction before subject matter jurisdiction may be found under the STAA de novo review provision.

Noting that subject matter jurisdiction fails if the plaintiff cannot show "inaction by OSHA," the court declined to exercise subject matter jurisdiction "where the plaintiff has pleaded facts that, on their face, conclusively show that the plaintiff has failed to exhaust the required

administrative process." *Id*. at *3.[6] ("Other district courts have interpreted this [de novo] provision as limiting a district court's subject matter jurisdiction over such a claim to include only those cases where this requirement of inaction by OSHA is met (citations omitted). This court agrees.") *Cf.*, *Duke v. Xylem Tree Experts, Inc.,* No. 3:18-CV-00290-JAG, 2018 WL 6809184, at *2 (E.D. Va. Dec. 27, 2018); *Rose v. Anderson Hay & Grain Co.*, No. CV-10-055-RMP, 2010 WL 3211948, at *1 (E.D. Wash. Aug. 6, 2010).[7]

A plaintiff must establish subject matter jurisdiction in federal court before the case can proceed. The Plaintiff in this matter has failed to do so. The Secretary of Labor's dismissal of his complaint was a final decision. The Plaintiff engaged in the administrative review to which he was entitled, including discovery, a deposition and a pending hearing date. He had not exhausted the STAA's administrative process before filing a complaint in federal district court and, therefore, cannot establish subject matter jurisdiction in this Court.

The STAA does not allow complainants to opt out of the administrative process at will. There must be inaction by the Secretary of Labor in order for an STAA plaintiff to establish jurisdiction in an Article III court. The Plaintiff cannot establish inaction on OSHA's part; therefore, he cannot avail himself of the STAA's right to a de novo adjudication in this Court.

---

[6] / The Paz court dismissed the plaintiff's complaint without prejudice because there was a fact dispute about the date on which his employment was terminated.

[7]/ Retaliation cases under the Federal Railway Safety Act's "kick-out" provision have addressed the plaintiff's rights to a de novo federal district court review under waiver and estoppel theories but have not examined the question of subject matter jurisdiction. *See*, *Hall v. Soo Line R.R. Co.*, No. CV 17-2120 (PAM/SER), 2017 WL 4772411, at *1 (D. Minn. Oct. 20, 2017)(not reported).

CONCLUSION

For these reasons, the Defendant respectfully requests that the Court deny the Plaintiff's request for a summons and dismiss the Plaintiff's complaint with prejudice.

Dated at Madison, Wisconsin, this 6th day of April, 2026.

Respectfully submitted,

LEWIS LAW OFFICE, LLC

Attorney for the Respondent

*Julie Lewis*

_____

Julie A. Lewis
State Bar No. 1048367

P.O. Address
345 W. Washington Ave., Suite 201
Madison, WI 53703

Direct Contact
Julie A. Lewis
(608) 298-7324/office
jlewis@jlewislawoffice.com