IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID STOTESBERY,

|  |  |  |
|---|---|---|
| | Plaintiff, | PRELIMINARY PRETRIAL |
| v. | | CONFERENCE ORDER |
| DOUSMAN TRANSPORT COMPANY, INC., | | 25-cv-759-jdp |
| | Defendant. | |

---

This court held a recorded telephonic preliminary pretrial conference in this case on April 29, 2026. Plaintiff is representing himself and appeared without an attorney. Defendant appeared by Attorney Julie A. Lewis. The court set the schedule and discussed with the parties how this case will go forward.

**Read this whole order NOW**

This federal civil lawsuit is a serious matter. As a party to a federal civil lawsuit, it is your duty to understand what you are supposed to do and when you are supposed to do it. To help you, this order explains what your duties are and what your deadlines are. This court has a number of rules that you must follow. It will not be easy to do everything that you are supposed to do, and you will not have a lot of time. Therefore, it is important for you to read this order now so that you can do things the right way.

**Review the Federal Rules of Civil Procedure**

The Federal Rules of Civil Procedure are the rules that control much of what happens in this lawsuit. Not all of those rules will be important in your case, but some of them will be very important, particularly the rule about summary judgment and the rules about discovery. It is your duty to know the rules of procedure that apply to you in this case. This court cannot

provide you with a copy of the rules of procedure. You will have to find your own copy of the rules to review.

The Federal Rules of Evidence could be important later in this lawsuit. The rules of evidence affect the parties' submissions for summary judgment motions. Also, if this case goes all the way to trial, the rules of evidence will affect how the evidence is presented at trial. It is your duty know the rules of evidence that apply to you in this case. This court cannot provide you with a copy of the rules of evidence. You will have to find your own copy of the rules to review.

### Service of documents on your opponent

The usual rule is that every letter, motion, brief, exhibit, or other document that you file with the court in this lawsuit must be served on your opponent at the same time. This means that whenever you mail a document to the court, you also must mail a copy of that document to your opponent at the same time. **The exception to this rule is if the Wisconsin Department of Justice has agreed to represent your opponent.** The Wisconsin DOJ has agreed to accept electronic service of documents on behalf of the litigants it represents. This means that you do not have to serve your court filings separately on any opponent represented by the Wisconsin DOJ. Submitting a filing to the court will count as serving an opponent represented by the Wisconsin DOJ. If some of your opponents are represented by the Wisconsin DOJ and others are not, you will not have to serve the DOJ-represented opponents separately, but you will have to serve the other opponents separately. If you need your opponent's contact information to serve them, you may refer to the notice of appearance filed by the attorney or attorneys representing them.

2

For those opponents who must be served separately, in order to prove that they have been served, you must **certify service** by including with each submission to the court a sentence at the end of your document, or on a separate piece of paper, in which you swear or certify that you sent a copy through the mail with proper postage to your opponent's lawyer. If you do not serve your documents on your opponent and if you do not certify service, then this court will not look at your documents.  If you think you will have trouble making copies, then you should think about this ahead of time and follow the directions in the next section about copying.

## THE CASE SCHEDULE

1. **Amendments to the Pleadings:**

The only way you may amend your complaint in this lawsuit is by filing a motion asking the court to grant leave to amend and having the court grant this motion.  If you file a motion for leave to amend your complaint, you must send in with the motion a complete copy of the proposed amended complaint that you want the court to accept.  The longer you wait to ask for leave to amend, the less likely it is that the court will allow you to amend.

2. **Disclosure of Expert Witnesses:  Plaintiff:  September 23, 2026**

**Defendant: November 4, 2026**

Because expert witnesses are different from other witnesses, there is a special rule telling how plaintiffs and defendants must name their experts and explain what those experts are going to say at trial.  That rule is Rule 26(a)(2) of the Federal Rules of Civil Procedure.  If a party

does not follow the requirements of Rule 26(a)(2) by his (or her) deadline to disclose expert witnesses, then this court will not allow that expert witness to present evidence in this case.

Physicians, nurses and other similar care givers who will be offering evidence only about what they did, and who will not be offering new expert opinions, must be named as experts by the deadlines set forth above, but these types of witnesses do not have to prepare written reports for this lawsuit.

This court does not have any money to help plaintiff hire an expert witness. This court does not have any lists or other information that would help plaintiff or defendants locate or contact an expert witness. The parties are on their own and they should keep this in mind if they think they might want expert witnesses in this case. There is no extra time in the schedule to allow for extensions, so the parties should begin looking for expert witnesses right away if this type of witness might be important for summary judgment or for trial.

**3. Deadline for Filing Dispositive Motions:  December 9, 2026**

There are two kinds of dispositive motions: (1) motions to dismiss, and (2) motions for summary judgment. No one may file a dispositive motion after the deadline unless the court grants permission. The court usually does not grant permission to file a late motion, so you must work hard on this case to meet the deadlines.

**A) Motions To Dismiss**

Motions to dismiss usually do not require the parties to present evidence or to take discovery. If a defendant files a motion to dismiss, he (or she) must submit a supporting brief at the same time.

Plaintiff must file and serve his response to a motion to dismiss within 21 calendar days of service of the motion. The court starts counting these 21 days on the day the motion to dismiss is filed with the court. Any reply brief by the defendant must be filed and served within 10 calendar days of service of the response.

**B) Motions for Summary Judgment**

Summary judgment is a way for plaintiff or defendants to win this lawsuit (or parts of it) before the trial. Rule 56 of the Federal Rules of Civil Procedure explains how the parties must present their evidence and their legal arguments when they file or respond to a summary judgment motion. Rule 56 is important, so you should read it carefully, even before a summary judgment is filed, so that you can be ready for a summary judgment motion and then to do things correctly.

This court has a written set of rules that explains how to file a summary judgment motion and how to respond to your opponent's summary judgment motion. This Procedure Governing Summary Judgment is attached to this order and you should read it now. This will help you to understand how much work will be involved, and understand the parts that give plaintiffs trouble, like writing good responses to the defendants' proposed findings of fact.

Because it is very hard for a pro se plaintiff to prepare everything needed to respond to a summary judgment motion, the court will give you 30 calendar days to file every part of your response and to serve it on the defendant's attorney. The court will start counting your 30-day response deadline on the day that it receives defendant's motion for summary judgment. Any reply must be filed and served not later than 10 calendar days after service of the response.

BE AWARE: you are not going to get an extension of this 30 day deadline. The only way to get more time would be if you can convince the court that something totally unfair

happened that actually prevented you from meeting your deadline, and this was completely somebody else's fault.  Some things that might seem unfair to you are not reasons to get more time.  For example, you will not get more time just because you claim that you did not have enough time or money to make copies.  You will not get more time if you waited too long to get all the information you think you need to respond to the motion.

Also, if you do not follow the court's procedure for how to respond to summary judgment, then you will not get more time to do it over unless the court decides on its own that you should get a second chance.

The only way to make sure that the court will consider your documents is to start early, do them right the first time, and file them and serve them on time.  If you do not do things the way it says in Rule 56 and in the court's written summary judgment procedure, then the court will not consider your documents.

A party may not file more than one motion for summary judgment in this case without first getting permission from the court.

Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines.  The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

4. **Discovery: Stayed until July 13, 2026**

   **Discovery Cutoff:  April 23, 2027**

"Discovery" is the word used in federal courts to describe how plaintiffs and defendants can learn information and get documents that are useful to deciding this lawsuit.  Rules 26

through 37 and 45 of the Federal Rules of Civil Procedure explain how you may get information and documents from the defendants and how the defendants may get information and documents from you. You should read Rules 26 through 37 and 45 now so that you understand how this works, and so that you can begin taking discovery in this case.

Discovery is this case is stayed until July 13, 2026. Once it resumes, the court expects both sides to follow Rules 26 through 37 and 45. You have no right to get information or documents to use in this case except in the way these rules say. For example, Rule 26(b) says that you may discover evidence that is relevant to the claims or defenses in this lawsuit. You may not discover evidence that is not relevant. Rule 26(c) protects all parties from discovery requests that are annoying, oppressive, or too expensive or too much time to be worth it in this case. Defendants often object that discovery demands violate Rules 26(b) or 26(c), so it is important to make careful discovery requests that are aimed at getting the information and documents you really need for this lawsuit, and not aimed at getting other information and documents that you don't really need.

Another reason that it is important to make careful discovery requests is because Rule 33(a) says that a party may only serve 25 interrogatories on his opponents. An interrogatory is a written question that you want the defendants to answer under oath. Even if you have lots of questions that you want the defendants to answer so that you can learn information about your claims, you cannot ask more than 25 questions unless the court gives you permission first. This court usually does not give either side permission to ask more than 25 interrogatories. That means you must use your 25 interrogatories to ask the most important questions.

7

Sometimes the defendant does not object to a few extra interrogatories, and this court expects that the defendants and their attorney in their case will be reasonable. But the plaintiff should not count on obtaining answers to more than 25 interrogatories during this lawsuit.

Rule 34 allows you to ask a defendant to show you documents that are relevant to this lawsuit, but it does not require the defendant to make free photocopies of these documents for you. The court expects the defendant and its attorney to be reasonable when responding to document production requests. The best way for a plaintiff to obtain quick and complete disclosures from defendants is for the plaintiff to limit his document requests to the documents that he really needs to prepare his claims for summary judgment and for trial.

If the parties disagree about discovery requests, then this court would like them to try to work it out if they can do so quickly, but the court does not require this if it would be a waste of time. If either side thinks that the other side is not doing what it is supposed to do for discovery and they cannot work it out, then either the plaintiff or the defendant quickly should file a motion with the court. If the parties do not bring discovery problems to the court's attention quickly, then they cannot complain that they ran out of time to get information that they needed for summary judgment or for trial.

If a party files a motion to compel discovery, or to protect from discovery, or for some other discovery problem, that party also must submit at the same time his (or her) other documents that show why the court should grant the motion. If your opponent files a discovery motion, you only have seven calendar days to file and to serve your written response. The court will not allow a reply brief on a discovery motion unless the court asks for one.

The court does not want the parties to file their discovery material with the court, except to support some other matter in this lawsuit, such as a summary judgment motion. Once a

8

document or a copy of a document is in the court's file, no one has to file another copy, as long as the parties make it clear to the court where the court can find the document in the file.

A party need not file a deposition transcript with the court until that party is using the deposition in support of some other submission, at which time the entire deposition must be filed. All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

## 5. Final Pretrial Submissions and Disclosures: April 30, 2027

### Responses: May 14, 2027

The first date is the deadline to file and serve all Rule 26(a)(3) disclosures, as well as all motions in limine, proposed voir dire questions, proposed jury instructions, and proposed verdict forms. All responses in opposition are due by the second date. The format for submitting proposed voir dire questions, jury instructions and verdict forms is set forth in the Procedures Governing Final Pretrial Submissions, which is attached.

*Note well*: *the parties also must submit courtesy copies of all these submissions to chambers.*

## 6. Final Pretrial Conference: May 28, 2027 at 10:00 a.m.

This conference will be in person at the federal courthouse in Madison. Plaintiff is responsible for assuring his own in-person attendance. Any deposition that has not been filed with the Clerk of Court by the date of the final pretrial conference shall not be used by any party for any purpose at trial.

7.  **Trial: June 7, 2027 at 9:00 a.m.**

Trial shall be to a jury of eight and the parties estimate that this case will take two days to try.  This case will be tried in an electronically equipped courtroom and the parties may present their evidence using this equipment.  It is up to the parties and lawyers to check whether their personal electronic equipment works with the court's electronic equipment.

The parties must have all witnesses and other evidence ready and available to present at trial in order to prevent delay.  If you are not ready with your witnesses or other evidence ready when it is your turn, then the court could end your presentation of evidence.

Entered April 29, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

10