UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

DAVID OLIVER STOTESBERY,

Plaintiff,

Case No. 3:25-cv-00759-jdp

v.

DOUSMAN TRANSPORT COMPANY, INC.,

Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

## INTRODUCTION

Defendant's motion should be denied because the amended complaint is not vague or ambiguous. It pleads one claim under the Surface Transportation Assistance Act (STAA), identifies Plaintiff's protected activity, identifies each challenged employment action, identifies the responsible employee, and explains why Plaintiff alleges that the protected activity contributed to those actions. Dkt. 18, ¶¶ 42-48. Defendant's motion quotes and disputes those allegations, which demonstrates that Defendant can reasonably prepare an answer.

Defendant characterizes the dispatch detail as a new claim. The amended complaint instead adds operational specificity to the same stay-in-the-office event and connects it to the claimed safety refusal, quit threat, separation, and resignation record.

## BACKGROUND

The court's July 21, 2026 order directed Plaintiff to identify what Dousman's employees did or failed to do and to omit unnecessary legal argument. Dkt. 16 at 11. Plaintiff responded with a single STAA retaliation claim and a chronological statement identifying Magner's conduct, Defendant's later treatment of the separation, and the alleged connection to Plaintiff's safety report and refusal. Dkt. 18, ¶¶ 5-48.

Defendant now asks whether Plaintiff alleges that the dispatch directive was an adverse action. Dkt. 19 at 6. The amended complaint answers that question expressly. Paragraph 46 alleges that the untrained dispatch directive, the quit threat, the 3:11 p.m. quit classification, and Defendant's maintained resignation record were unfavorable employment actions, and alleges any resulting loss of compensation as a related consequence. Dkt. 18, ¶ 46.

**ARGUMENT**

I. The amended complaint is sufficiently definite to permit an answer.

Rule 12(e) applies only when a pleading is so vague or ambiguous that a party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). It cannot be used to convert federal notice pleading into fact pleading or code pleading. Chapman v. Yellow Cab Coop., 875 F.3d 846, 848-49 (7th Cir. 2017). In Hamilton, this court denied an alternative Rule 12(e) request after concluding that the complaint gave fair notice and that additional information could be obtained in discovery. Hamilton v. 3D Idapro Solutions, LLC, No. 18-cv-54-jdp, 2018 WL 5342695, at *6 (W.D. Wis. Oct. 29, 2018).

The amended complaint provides substantially more than fair notice. It identifies Plaintiff's safety report and refusal as protected activity. Dkt. 18, ¶¶ 7-8, 43-44. It identifies Magner's knowledge and the timing of her alleged response. Id. ¶¶ 9-27, 45. It separately identifies every challenged action. Id. ¶¶ 35-46. It alleges that the protected activity contributed to those actions and explains the temporal connection. Id. ¶ 47. It also identifies Defendant's responsibility for Magner's conduct and the maintained employment record. Id. ¶ 48.

This is the precise distinction from the screening order. The court explained that the original complaint did not plausibly show that merely staying at the terminal while Magner drove the bus amounted to discipline or discrimination concerning pay, terms, or privileges of employment. Dkt. 16 at 8-10. The amended complaint addresses that concern by alleging that Magner did not merely ask Plaintiff to wait: after his protected safety refusal, she directed him to remain alone at the terminal and perform dispatch work for which he had no training,

including dispatch, phones, and dealing with customers, while she drove the same bus Plaintiff had reported as unsafe. It further alleges the contemporaneous quit threat, the 3:11 p.m. quit classification, and Defendant's later recording of the separation as a resignation. Dkt. 18, ¶¶ 13-24, 35-48.

Defendant is therefore able to admit or deny the allegations. Indeed, Defendant states that it 'denies that these alleged acts actually occurred as described.' Dkt. 19 at 5 n.2. That is a merits dispute, not an inability to understand the pleading. Whether the alleged conduct ultimately satisfies the STAA is a legal-sufficiency question; it does not make the complaint indefinite.

II. The motion incorrectly isolates dispatch from Plaintiff's combined allegations.

Plaintiff does not allege that the dispatch directive is the only challenged action. Nor does he assert a separate claim based on dispatch work. The complaint pleads one STAA retaliation claim arising from a single sequence: the safety report and refusal; Magner's directive that Plaintiff remain alone on untrained dispatch while she drove the same reported bus; her statement that leaving would be treated as quitting; her 3:11 p.m. quit message; the resulting separation and any related loss of compensation; and Defendant's recording of the separation as a resignation. Dkt. 18, ¶¶ 42-48.

Paragraph 46 identifies the challenged unfavorable employment actions and related consequences. Paragraph 47 expressly alleges that the protected activity contributed to those actions. The complaint therefore does not leave Defendant to guess whether dispatch is part of the claim. Defendant's demand that Plaintiff further explain 'how' the conduct violated the STAA seeks additional legal argument or merits detail, not clarification necessary to frame an answer.

Defendant's characterization is also inconsistent with Respondent's own prior administrative filing. In its January 3, 2025 pre-hearing submission, signed by Julie Lewis, Respondent listed "Email correspondence between OSHA investigator and Complainant" as Respondent's Document 2. Ex. A at 1-2 (original pages 7-8). Exhibit B contains pages 2 and 3 of that investigation email chain as they appeared within Respondent's submitted Hearing

Exhibit 2. On page 1 of Exhibit B (original packet page 4; Respondent Exhibit 2 at 2), Plaintiff wrote to OSHA that the proposed choice would leave him "sitting at the dispatch desk, alone, with no training on dispatch or phones or dealing with customers." The timeline continues on page 2 (original packet page 5; Respondent Exhibit 2 at 3). Ex. B at 1-2. The same email also stated: "They pay me to drive the bus, not to answer the phones and deal with customers at the terminal." Ex. B at 1. Lewis's accompanying January 3 email says that she attached and served these documents and that they had been filed with the Office of Administrative Law Judges. Ex. C at 1. Thus, even if Respondent disputes the legal characterization of those facts as an adverse action or compensation-related theory, Respondent's current assertion that Plaintiff never raised the underlying dispatch detail with OSHA is inconsistent with Respondent's own prior submission.

Plaintiff cites these materials for the limited procedural purpose of showing that the dispatch detail was previously documented and included in Respondent's own administrative submission. He does not ask the Court to decide the truth of the email or resolve credibility on a Rule 12(e) motion. The prior submission further confirms that Defendant can understand and answer the allegations.

III. Alternatively, this response supplies the requested clarification.

If the court concludes that clarification is useful, Plaintiff states plainly: Magner's stay-in-the-office statement was alleged to be a directive that Plaintiff cover dispatch alone, without dispatch or office training, while she drove Bus 69. The complaint does not allege that dispatch was a separate statutory violation or separate claim. It alleges that changing drivers did not correct the reported defect, that Plaintiff had sought correction or a safe replacement vehicle, and that neither was provided or communicated before the quit threat and 3:11 p.m. quit classification. Dkt. 18, ¶¶ 8, 10-12, 15-18, 27, 42-47. Plaintiff alleges the directive as one unfavorable employment action within the broader retaliatory sequence. Any loss of compensation is resulting harm from the challenged separation, not a separate dispatch theory. His only claim is STAA retaliation, and this clarification permits an answer without another amended complaint.

**CONCLUSION**

Plaintiff respectfully asks the court to deny Defendant's motion for a more definite statement. Alternatively, Plaintiff asks the court to deem the clarification above sufficient and direct Defendant to answer the amended complaint.

Dated: September 3, 2026

Respectfully submitted,

/s/ David Oliver Stotesbery

David Oliver Stotesbery
521 Mellum Drive
Stoughton, WI 53589
Telephone: (920) 542-8635
Email: mrstotes@pm.me
Plaintiff, pro se