IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID STOTESBERY,

Plaintiff,

v.

DOUSMAN TRANSPORT COMPANY, INC.,

Defendant.

OPINION and ORDER

25-cv-759-jdp

---

Plaintiff David Stotesbery, proceeding without counsel, alleges in an amended complaint that his former employer, defendant Dousman Transport Company, Inc., retaliated against him for refusing to operate a school bus that he reported was unsafe. Dkt. 18. Stotesbery brings a retaliation claim under the Surface Transportation Assistance Act. Because Stotesbery is proceeding without prepaying the filing fee, I must screen the amended complaint, as I did the original complaint, under 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. 16 at 1. I dismissed the original complaint for failure to state a plausible claim for relief.

The amended complaint is highly similar to the original complaint, with one primary substantive change. But Stotesbery's new allegations do not fix the problems that I identified with Stotesbery's retaliation claim in my first screening order. Accordingly, I will dismiss the amended complaint without leave to amend for failure to state a plausible claim for relief, deny as moot Dousman Transport's motion for a more definite statement, Dkt. 19, and close the case.

BACKGROUND

Dousman Transport is a Wisconsin corporation engaged in student transportation. Dkt. 18 at 6. Stotesbery worked as a school bus driver at Dousman Transport's Jefferson terminal until September 20, 2023. *Id.* at 2. After his employment ended, Stotesbery filed a Surface Transportation Assistance Act (STAA) complaint with the Occupational Safety and Health Administration (OSHA) in September 2023. *Id.* at 6. OSHA dismissed the complaint, and Stotesbery objected to OSHA's findings and requested an administrative hearing. *Id.* The matter was docketed before the Department of Labor Office of Administrative Law Judges (OALJ). *Id.* After no final decision was issued within 210 days, Stotesbery brought this case, after which the OALJ proceeding was dismissed without prejudice. *Id.*

The STAA prohibits an employer from taking adverse action against an employee because he has engaged in a form of activity that the statute protects. *Formella v. U.S. Dep't of Lab.*, 628 F.3d 381, 389 (7th Cir. 2010). In his original complaint, Stotesbery alleged that Dousman Transport retaliated against him because he: (1) refused to operate an unsafe vehicle; (2) reported safety concerns; (3) reported retaliation; and (4) "blacklist[ed] him from future employment opportunities." Dkt. 1 at 7–10. He also alleged that the "adverse action" requirement of a retaliation claim was met by his "constructive discharge." *Id.* at 8–9.

On screening the original complaint, I concluded that Stotesbery had alleged that he had engaged in activity that the STAA protects by: (1) by refusing to drive a school bus, bus 69, based on his pre-trip inspection that revealed problems with its rear emergency exit door; and (2) reporting safety concerns about school buses to Dousman Transport's terminal manager and president, Jamie Magner and Larry Kirkley, and to school officials. *See* Dkt. 16 at 2–3, 7–9.

The issue, I explained, was whether Stotesbery had alleged that Dousman Transport had taken adverse action against him based on that protected activity. *See id.* at 8–9. In relevant part, Stotesbery alleged that Magner took adverse action against him by "declaring his departure" as a resignation even though it was "compelled by [an] unlawful ultimatum." Dkt. 1 ¶¶ 25, 37. Stotesbery explained that Magner gave him three options: (1) drive bus 69 despite the safety issue; (2) stay at the terminal while Magner drove the bus; or (3) leave, which Magner would treat as a resignation. *See* Dkt. 16 at 8 (summarizing original complaint's allegations).

I assumed for screening purposes that an "ultimatum" consisting of only the first and third options would be adverse action. *Id.* But I noted that Magner gave Stotesbery another option: staying at the terminal while Magner drove the bus. *Id.* I concluded that this allegation, even in the complaint's full context, did not plausibly suggest that Magner pressured Stotesbery to resign because of his refusal to drive the bus, or that he reasonably would have believed that his termination was imminent if he stayed at the terminal. *Id.* In other words, I concluded that Stotesbery did not allege any facts plausibly suggesting that having to stay at the terminal while Magner drove the bus amounted to discipline or discrimination in the pay, terms, or privileges of his employment. *Id.* For the same basic reasons, I concluded that Stotesbery failed to plausibly allege that his reported safety concerns caused him to be terminated or constructively discharged. *See id.* at 9. Stotesbery's other theories of retaliation were conclusory and partly redundant with his main theories of retaliation, so I dismissed those claims as well. *See id.* at 9–11.

Stotesbery's amended complaint, Dkt. 18, is highly similar to the original complaint. As with the original complaint, Stotesbery alleges that Magner directed him drive bus 69 or stay at the terminal while she drove it, and that if he left she would treat that act as a

resignation. *Id.* at 3, 7–8. But Stotesbery now alleges that Magner's "directive would leave [him] as the sole . . . employee in the terminal building and alone at the dispatch desk while she drove the route." *Id.* at 7. He also alleges that he "had not been trained on dispatch, the terminal's phones, or dealing with customers." *Id.* Stotesbery adds that he "declined to drive Bus 69 or accept the untrained dispatch directive, and he left." *Id.*

Stotesbery alleges that, later that day, Magner emailed him and told him that she would "See him in the am," which "conveyed an invitation for [him] to return." *Id.* at 8. But Stotesbery alleges that this email "did not expressly withdraw Magner's [earlier] quit declaration." *Id.* Stotesbery also alleges that, in his reply to Magner's email, he restated his options as: "(a) drive Bus 69 after it failed pre-trip; (b) sit in the office while Magner drove Bus 69 after it failed pre-trip; or (c) quit." *Id.* Stotesbery then wrote: "This email being the only thing I've heard from you since offering me those choices, I'm sticking with #3." *Id.*

## ANALYSIS

As in the original complaint, Stotesbery alleges that Dousman Transport retaliated against him because he reported that bus 69 had a defective emergency exit, refused to operate an unsafe bus, and sought correction of that condition or a replacement vehicle. *Id.* at 9. As a general matter, this activity is protected under the STAA. *See* Dkt. 16 at 7, 9; *see also* 49 U.S.C. § 31105(a)(2) ("To qualify for protection, the employee must have sought from the employer, and been unable to obtain, correction of the hazardous safety or security condition."). The basic issue is whether Dousman Transport took adverse action against Stotesbery based on this protected activity. *See Formella*, 628 F.3d at 389. More specifically, the issue is whether having to stay at the terminal while Magner drove bus 69 amounted to discipline or discrimination in

the pay, terms, or privileges of his employment. *See* Dkt. 1 at 7, 9. As a general rule, "[i]n the absence of circumstances suggesting a constructive discharge, an employee who voluntarily resigns cannot be said to have experienced an adverse employment action." *Andrews v. CBOCS W., Inc.*, 743 F.3d 230, 235 (7th Cir. 2014) (analyzing employment discrimination claim under a similar statue, Title VII), *overruled in part on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016).

The court concludes that Magner's directive to stay at the terminal while she drove bus 69 was not an adverse action. Stotesbery has not alleged that complying with this directive risked harming his compensation or career prospects. *Cf. Lewis v. City of Chicago*, 496 F.3d 645, 653 (7th Cir. 2007) (giving examples of adverse employment actions under Title VII). From what I can tell, his theory is that having to stay at the terminal would have exposed him to much worse job conditions, *cf. id.*, but he doesn't explain how this is so. Stotesbery alleges that he "had not been trained on dispatch, the terminal's phones, or dealing with customers," but he doesn't allege that Magner asked him to handle those responsibilities. *See., e.g.*, Dkt. 18 at 8 (alleging that, in his reply to Magner's email, he wrote that she gave him the option to "sit in the office while Magner drove Bus 69"). Nor has Stotesbery alleged that any inability on his part to fulfill those responsibilities would have seriously disrupted Dousman Transport's operations or endangered the public. So, as with the original complaint, the amended complaint's allegations show that Stotesbery voluntarily walked off the job when he left the terminal.

Other allegations in the amended complaint confirm that Stotesbery voluntarily resigned. Stotesbery acknowledges that, after he left the terminal, Magner emailed him and "conveyed an invitation" for him to return. He also acknowledges that he later replied to this

email and said that he was "sticking with" his earlier decision to leave the terminal. Stotesbery contends that these communications don't show that he voluntarily resigned, but his explanation is unpersuasive. *See id.* at 9. Even accepting his factual allegations as true, Stotesbery has not alleged that his protected activity caused Dousman Transport to take adverse employment action against him. Thus he has failed to state a plausible STAA retaliation claim.

## CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But if it is clear that any amendment would be futile, I need not grant leave to amend. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

I allowed Stotesbery to amend the original complaint to fix the problems with his STAA retaliation claim. Stotesbery's amended complaint is highly similar to the original complaint, and its primary substantive change does not fix the problems that I identified in my first screening order. I will therefore dismiss the amended complaint without leave to amend, deny as moot Dousman Transport's motion for more definite statement, and close the case.

## ORDER

IT IS ORDERED that:

1. Plaintiff David Stotesbery's amended complaint, Dkt. 1, is DISMISSED without leave to amend for failure to state a plausible claim for relief.
2. Defendant Dousman Transport Company, Inc.'s motion for more definite statement, Dkt. 19, is DENIED as moot.

3. The clerk of court is directed to enter judgment and close the case.

Entered September 30, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge